# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | | |
|---|---|---|
| VIOLET ADVISORS, S.A., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | |
| vs. | : | |
| | : | NO. _____ |
| "*THE ROUND*" (27.08-meter twin engine | : | |
| pleasure yacht, official number 745127, | : | |
| signal letters ZGDH3, registered in Prague, | : | |
| Czech Republic in 2004 under the name | : | |
| "Leonardo II" now known by call sign | : | |
| "The Round"), | : | |
| | : | |
| *In Rem Defendant in Admiralty,* | : | |
| | : | |
| vs. | : | |
| | : | |
| EXCELLENT AUTO GROUP, INC., | : | |
| LANCE JOSEPH, NICHOLAS AULAR, | : | |
| ALBERTO A. ALCIVAR, FANNY LEON, | : | |
| GERMAN JACOME, LUZA SUAREZ, | : | |
| ARMANDO FERNANDEZ, | : | |
| CB MARINE TOWING AND | : | |
| SALVAGE, INC. d/b/a SEA TOW MIAMI, | : | |
| CHRIS SMITH, and RIO MIO, LLC, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## VERIFIED PETITION FOR ARREST OF VESSEL AND COMPLAINT FOR DAMAGES

NOW COMES Plaintiff VIOLET ADVISORS, S.A. (hereafter "Plaintiff" or

"VAS") and files this Verified Petition for Arrest of Vessel and Complaint for

1

Damages ("Complaint") against Defendants EXCELLENT AUTO GROUP, INC. ("EAG"), LANCE JOSEPH, NICHOLAS AULAR, ALBERTO A. ALCIVAR, FANNY LEON, GERMAN JACOME, LUZA SUAREZ, ARMANDO FERNANDEZ, CB MARINE TOWING AND SALVAGE, INC. d/b/a SEA TOW MIAMI ("Sea Tow"), CHRIS SMITH and RIO MIO, LLC ("RIO") (collectively "Defendants") showing the Court as follows:

## PARTIES

### *Plaintiff*

1.

Plaintiff is a for profit Panamanian company with its principal place of business located in the country of Panama.  Plaintiff submits to the jurisdiction and venue of this Court.

### *In Rem Defendant*

2.

"*The Round*" is a 27.08-meter twin engine pleasure yacht, official number 745127, signal letters ZGDH3, initially registered in Prague, Czech Republic in 2004 under the name "Leonardo II" now known by call sign "*The Round*" (hereafter the "Yacht").  The Yacht is currently docked in a slip on the Miami River behind the Bermuda House Apartments located at 1160 NW North River Drive No. 2, Miami, Florida 33136 owned and operated by Defendant RIO.

Recent investigation revealed that the call sign "The Round" was removed from the rear of the Yacht and mechanical work was being performed on the engines for its imminent transfer to an undisclosed location.

*<u>Defendants</u>*

3.

Defendant EAG is a Florida for profit corporation with its principal place of business located at 775 West 83rd Street, Hialeah, Florida 33014. Defendant EAG may be served with process via its registered agent, Alberto A. Alcivar, at 775 West 83rd Street, Hialeah, Florida 33014.

4.

Defendant Lance Joseph is an individually licensed and practicing attorney in Florida.  Defendant Joseph may be served with process at his residence/law office located at 9990 SW 77th Avenue, PH 10, Miami, Florida 33156.

5.

Defendant Nicholas Aular is an individual resident of the State of Florida. Defendant Aular may be served with process at his primary residence located at 2850 NW 40th Avenue, Miami, Florida 33142.

6.

Defendant Alberto A. Alcivar is an individual resident of the State of Florida.  Defendant Alcivar may be served with process at his primary residence

located at 205 SW 113th Way, Pembroke Pines, Florida 33025 or at his place of business located at 775 West 83rd Street, Hialeah, Florida 33014.

7.

Defendant Fanny Leon is an individual resident of the State of Florida. Defendant Leon may be served with process at her primary residence located at 20533 Biscayne Boulevard, Suite 4, Miami, Florida 33180.

8.

Defendant German Jacome is an individual resident of the State of Florida. Defendant Jacome may be served with process at his primary residence located at 1130 Courtney Chase Circle, Apartment 638, Orlando, Florida 32837.

9.

Defendant Luza Suarez is an individual resident of the State of Florida. Defendant Suarez may be served with process at her place of business located at 775 West 83rd Street, Hialeah, Florida 33014.

10.

Defendant Armando Fernandez is an individual resident of the State of Florida.  Defendant Fernandez may be served with process at his primary residence located at 5900 SW 127th Avenue, Apartment 3111, Miami, Florida 33183.

11.

Defendant Sea Tow is a Florida for profit corporation with its principal place of business located at 7601 East Treasure Drive, Suite 23, North Bay Village, Florida 33141.  Defendant Sea Tow may be served with process via its registered agent, Chris Smith, at 7601 East Treasure Drive, Suite 23, North Bay Village, Florida 33141.

12.

Defendant Chris Smith is an individual resident of the State of Florida. Defendant Smith may be served with process at his place of business located at 7601 East Treasure Drive, Suite 23, North Bay Village, Florida 33141.

13.

Defendant RIO is a Florida limited liability company with its principal place of business located at 7959 W 28th Avenue, Hialeah, Florida 33016.  Defendant RIO may be served with process via its registered agent, Jorge A. Lopez, at 7959 W 28th Avenue, Hialeah, Florida 33016.

## JURISDICTION AND VENUE

14.

This Court has subject matter jurisdiction over this action pursuant to the General Maritime Laws of the United States pursuant to U.S. Const. Art. III § 2 and 28 U.S.C. §1333.

15.

This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1332 as the parties have complete diversity of citizenship and the amount

in controversy exceeds $75,000.

16.

This Court has personal jurisdiction over Defendants as they reside and

conduct business within the State of Florida and within this federal judicial district.

17.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the acts and

omissions set forth herein occurred within this federal judicial district and

Defendants reside within this federal judicial district.

## **NATURE OF ACTION**

18.

Plaintiff seeks to reestablish its ownership and control of the Yacht.  True

and accurate copies of the certificate of registry, builder's certificate, and original

international tonnage certificate are attached hereto as Exhibit A.

19.

Defendants gained possession and control of the Yacht under false pretenses

with fraudulent ownership documentation and acted in concert with one another to

convert the Yacht for their own unlawful purposes.  Plaintiff is entitled to

immediate possession of the Yacht along with damages for Defendants' intentional misconduct.

## STATEMENT OF FACTS

20.

Plaintiff Violet Advisors is a foreign corporate entity lawfully organized and assembled in the Republica de Panama on September 14, 2011 with amended corporate bylaws established on April 26, 2013.  True and accurate copies of Violet Advisor's notarized and recorded corporate records are attached hereto as Exhibit B (hereafter "Corporate Records").

21.

The Corporate Records identified (1) Luis Oberto and Ignacio Oberto as the sole shareholders of Violet Advisors and (2) that Violet Advisors has been managed and controlled by Luis Oberto (director and president) and Ignacio Oberto (director and treasurer).  *See* Exhibit B.

22.

At no time up through and including the present date did Luis Oberto or Ignacio Oberto sell, assign or transfer any of their shares of Violet Advisors to any third-party entity or individual (including Defendants).

23.

At no time up through and including the present date did Violet Advisors appoint or authorize any third-party entities or individuals to act as company directors, officers or managers (including Defendants) other than the individuals identified in the Corporate Records.

24.

At no time up through and including the present date did Violet Advisors or any of its shareholders, officers or directors appoint or authorize any entity or individual (including Defendants) to act on its behalf in the transfer, assignment or sell of company assets (including the Yacht.

25.

Violet Advisors purchased the Yacht from Weber Investment s.r.o., in 2013 for the amount of Euro 1,450,000 € and commissioned a pre-purchase survey report detailing all aspects of the Yacht.  True and accurate copies of the bill of sale, shipping records and the pre-purchase survey are attached hereto as Exhibit C.  The Yacht was then transported across the Atlantic Ocean and delivered to Violet Advisors in June 2013 at the international port in Palm Beach, Florida. True and accurate copies of the U.S. Customs Entry Declaration and Cargo Receipt are attached hereto as Exhibit D.

26.

Thereafter, Violet Advisors obtained a "certificate of British registry" from the Cayman Islands certifying ownership and title in Violet Advisors.  A true and accurate copy of the Certificate of British Registry is attached hereto as Exhibit E.

27.

Beginning in 2019, Violet Advisors moved the Yacht through Miami and docked the Yacht at the residence of Leo Andrea located at 16430 NE 35th Avenue, North Miami Beach, Florida 33160 (hereafter "Leo Residence") where it remained continually docked until March 23, 2020 without being moved or transported.

28.

On March 23, 2020, Defendants Joseph and Alcivar entered the Leo Residence and engaged Mr. Andrea at the front door.  Defendant Joseph informed Mr. Andrea that the Yacht had been recently sold by Violet Advisors to Defendant EAG and was subject to immediate seizure.  Defendant Joseph explained that he was a licensed Florida attorney and warned Mr. Andrea "not to interfere" as the Yacht had been lawfully purchased under Florida law.

29.

To support this contention, Defendant Joseph showed Mr. Andrea a "stack of papers" he claimed proved the validity of the transaction.  Defendant Joseph refused to provide Mr. Andrea with copies of the paperwork but allowed Mr.

Andrea to take photographs of certain pages with his cellular telephone.  True and accurate copies of the documents Defendant Joseph allowed Mr. Andrea to photograph on March 23, 2020 are attached hereto as Exhibit F (hereafter "Manufactured Sale Documents").

30.

Later that evening, Defendants Alcivar, Smith and two other unidentified individuals returned to the Leo Residence and boarded the Yacht docked at the rear of the property.  Mr. Andrea had <u>not</u> given Defendants Alcivar, Smith or the unidentified individuals permission to enter the Leo Residence or to board the Yacht and they were <u>trespassing</u> on his property.

31.

Mr. Andrea called the North Miami Beach Police Department and Officer Dostaly was dispatched to the Leo Residence.  Defendant Alcivar used the Manufactured Loan Documents assembled by Defendant Joseph to legitimize the alleged transaction and coerced Officer Dostaly into temporarily allowing the Yacht to be moved under cover of darkness.

32.

Thereafter, Defendant Alcivar (acting individually and on behalf of Defendant EAG), Defendant Smith (acting individually and on behalf of Defendant Sea Tow) and the two unidentified individuals unlawfully and without authority,

permission or title seized possession of the Yacht from the Leo Residence for the benefit of Defendants.  The Yacht was removed to a dock owned by Defendant RIO where its GPS tracking devices were disabled and its call sign was removed.

33.

A cursory review of the Manufactured Sales Documents in the light of the next day revealed the following fatal flaws:

a)  Defendants provided no documentation verifying that Defendant Jacome (the individual signing the bill of sale on behalf of Violet Advisors) had permission or corporate authority to sell the Yacht on behalf of Violet Advisors;

b)  Defendants provided no documentation (as none exists) showing title of the Yacht in Defendant EAG;

c)  The "purported" power of attorney from Defendant Jacome to Defendant Fernandez had been modified from its original form using a "sharpie" marker and whiteout;

d)  The notary seal and commission affixed to the "purported" power of attorney expired four years prior to the date of execution;

e)  The same expired notary public that notarized the "purported" power of attorney also allegedly notarized the "purported" bill of sale in 2015;

f)  The sales prices of $200,000 set forth in the "purported bill of sale" represents a fraction of the actual value of the Yacht;

g)  Defendants EAG and Fernandez mysteriously appear as "brokers" and "declarants" on a handwritten U.S. Customs Entry Summary Form showing Miami as the U.S. "port of unlading" on March 4, 2020 at a time when the Yacht was securely docked at Leo's Residence; and

h)  Defendants provided no evidence or proof of any funds being paid to Violet Advisors as part of this "alleged" transaction.

34.

Further investigation revealed that no shareholder, director or officer of Violet Advisors had any knowledge of any of the Defendants, had transacted business directly with any of the Defendants, had any knowledge of the "alleged" transaction involving the Yacht, had received any payments from Defendants for the Yacht, or otherwise authorized any of the Defendants to sell, assign or transfer ownership of the Yacht.

35.

An updated transcript of British registry was ordered from the Maritime Authority of the Cayman Islands which established Violet Advisors as the owner of the Yacht up through and including April 15, 2020.  A true and accurate copy of

the updated Transcript of British Registry for the Yacht is attached hereto as
Exhibit G.

36.

On March 24, 2020 counsel for Violet Advisors reached out to Defendant
Joseph seeking immediate cooperation in return of the Yacht.  Defendant Joseph
refused to cooperate and sent a follow-up email to counsel for Violet Advisors on
April 15, 2020 threatening to "harm your career" and "file a complaint against you
and your firm." A true and accurate copy of the April 15, 2020 email from
Defendant Joseph is attached hereto as Exhibit H.

37.

Defendants individually and in concert with one another orchestrated a
common scheme to take possession of the Yacht under false pretenses pursuant to
a fraudulent claim of title.

38.

Defendant Joseph (1) coordinated and compiled the Manufactured Sales
Documents into a "package" he presented as a lawful sale and transfer of the Yacht
to Defendant EAG, (2) flaunted his status as a licensed Florida attorney in an
attempt to add credibility to the Manufactured Sales Documents and legality of the
Yacht's seizure, and (3) threatened to "harm" and "file a complaint" against

counsel for Violet Advisor's for initiating an investigation into the actions of Defendants.

39.

Defendants Alcivar, Alur and Suarez, individually and as owners, directors, officers or agents of Defendant EAG, (1) drafted, prepared and executed the "purported" bill of sale, power of attorney and U.S. Customs forms contained in the Manufactured Sales Documents "allegedly" selling the Yacht to Defendant EAG, (2) trespassed onto the Leo Residence and the Yacht, (3) unlawfully exercised self-help and seizure remedies to gain possession of the Yacht under false pretenses, (4) coordinated transfer of the Yacht from the Leo Residence to the slip owned by Defendant RIO, (5) disabled GPS tracking devises on the Yacht concealing it from public view and (6) removed the call sign "The Round" from the rear of the Yacht.

40.

Defendant Leon "allegedly" notarized and witnessed the "purported" bill of sale and power of attorney forms contained in the Manufactured Sales Documents in an effort to add credibility and formalize the scheme to take possession of the Yacht.

41.

Defendant Jacome "allegedly" signed the bill of sale and power of attorney forms as part of the Manufactured Sales Documents "purporting" to have authority on behalf of Violet Advisors to transfer/sell the Yacht.

42.

Defendant Fernandez was the beneficiary of the "alleged" power of attorney form claiming authority from Defendant Jacome to take possession of the Yacht and signatory on the U.S. Customs forms that were part of the Manufactured Sales Documents.

43.

Defendant Smith, individually and on behalf of Defendant Sea Tow, (1) trespassed onto the Leo Residence and the Yacht, (2) unlawfully exercised self-help and seizure remedies to gain possession of the Yacht under false pretenses, and (3) captained/transported the Yacht from the Leo Residence to the slip owned by Defendant RIO.

44.

Defendant RIO stored the Yacht at one if its boat slips, disabled the Yacht's GPS tracking system and removed the call sign from the Yacht.

## COUNT I

ARREST OF VESSEL

45.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.

Plaintiff submits this Petition for Arrest of Vessel pursuant to Rule D of the Federal Rules of Civil Procedure.

47.

Plaintiff contends it is the rightful owner of the Yacht as shown on the updated Transcript of British Registry.  *See* Ex. G.

48.

Defendants unlawfully seized possession and control over the Yacht under false pretenses based upon false and misleading Manufactured Sales Documents. *See* Ex. F.

49.

Upon information and belief, the Defendants transferred the Yacht to the dock owned and controlled by Defendant RIO.

50.

Plaintiff petitions this Court for an immediate Order of Arrest of the Yacht into the custody of the United States Marshall's Office or a substitute custodian under Local Admiralty Rule E(10)(c).

51.

Plaintiff petitions this Court for a Final Order of Judgment establishing ownership and title of the Yacht in Plaintiff.

## **COUNT II**

REPLEVIN

(plead in the alternative to Count I)

52.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53.

Plaintiff is and was at all times relevant to this Complaint the rightful owner of the Yacht as shown on the updated Transcript of British Registry.  *See* Ex. G.

54.

On March 23, 2020, Defendants unlawfully seized possession of the Yacht under false pretenses transporting the Yacht to a dock controlled by Defendant

RIO and disabling the GPS tracking system concealing the Yacht from public view.

55.

Over repeated objections and demands, Defendants refused to return the Yacht to Plaintiff instead possessing and controlling the Yacht for their own benefit and purposes.

56.

Defendants unlawful seizure of the Yacht and false claim of ownership is based solely upon the Manufactured Sales Documents which do not support a lawful transfer or sale of the Yacht to Defendant EAG.

57.

The Yacht was not seized by Defendants as part of any tax, assessment, fine or under any attachment/execution against the Yacht.

58.

The Yacht has an estimated value in excess of $1,500,000 and Plaintiff is entitled to an immediate Order of Replevin plus all fees, costs and expenses.

59.

Plaintiff also petitions this Court for a Final Order and Judgment establishing ownership and title in Plaintiff.

# **COUNT III**

CONVERSION

60.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61.

Defendants, individually and collectively, engaged in series of unauthorized acts designed to take possession of the Yacht including, drafting, preparing and executing the Manufactured Sales Documents, trespassing on the Leo Residence and Yacht, exercising self-help seizure remedies under false pretenses, transporting the Yacht from the Leo Residence to the slip owned by Defendant RIO, disabling the GPS tracking devices on the Yacht concealing it from public view and removing the call sign "The Round" from the rear of the Yacht.

62.

Defendants' actions deprived Plaintiff of its rightful ownership and possession of the Yacht in a manner that is inconsistent with its ownership rights. Despite repeated demands, Defendants refused to return the Yacht to Plaintiff.

63.

Plaintiff has been damaged as a direct and proximate result of Defendants'

actions and is entitled to compensatory damages, punitive damages and attorneys'

fees and expenses in an amount to be determined at trial.

**COUNT IV**

CIVIL CONSPIRACY

64.

Plaintiff incorporates by reference the allegations set forth in paragraphs 1

through 63 of the Complaint as if fully set forth herein.

65.

Defendants engaged in a common plan and conspiracy to take ownership

and possession of the Yacht through unlawful means.

66.

Defendants engaged in a series of unauthorized acts in pursuance and in

furtherance of their  conspiracy to take possession of the Yacht including, drafting,

preparing and executing the Manufactured Sales Documents, trespassing on the

Leo Residence and Yacht, exercising self-help seizure remedies under false

pretenses, transporting the Yacht from the Leo Residence to the boat slip owned by

Defendant RIO, disabling the GPS tracking devices on the Yacht concealing it

from public view and removing the call sign "The Round" from the rear of the Yacht.

67.

Plaintiff has been damaged as a direct and proximate result of the acts performed by Defendants in pursuance of their conspiracy and is entitled to compensatory damages, punitive damages, attorneys' fees and expenses in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs requests that the Court:

1) Issue an Order and Warrant of Arrest for the Yacht;

2) Grant judgment in favor of Plaintiffs on its claims for Arrest of Vessel, Replevin, Conversion and Conspiracy;

3) Award damages to Plaintiffs in amounts to be determined at trial;

4) Award Plaintiffs its attorneys' fees, expenses and costs of prosecution;

5) Grant Plaintiff a jury trial on all claims triable by jury; and

6) Grant such other and further relief the Court deems just and proper.

Respectfully submitted this 24th of April, 2020.


By: */s/Christopher Y. Mills*
Christopher Y. Mills
Busch Slipakoff Mills & Slomka LLC
Florida Bar 72207
319 Clematis Street, Suite 109
West Palm Beach, Florida 33401
Telephone: (561) 408-0019
Email: cm@bsms.law


Laura H. Mirmelli
Florida Bar No.: 0044642
Busch Slipakoff Mills & Slomka LLC
3350 Riverwood Parkway S.E., Ste., 2100
Atlanta, GA 30339
Telephone: (404) 800-4031
lm@bsms.law

*Attorneys for Plaintiff*

## <u>VERITIFICATION OF PETITION FOR ARREST OF VESSEL<br>AND COMPLAINT FOR DAMAGES</u>

*[Remainder of page intentionally left blank. Signature on next page.]*

By: _____
(signature)

Name: __WIS OBERTO_____

Luis Oberto

Title: _____

President, Violet Advisors

Sworn to (or affirmed) and subscribed before me, by means of physical presence this __23__ day of April, 2020. Such person did take an oath and is either personally known to me or produced idenfification.

_____

Signature                                (Seal) _____

APRIL WILLIAMS
Commission # GG 146196
Expires October 16, 2021
Bonded Thru Budget Notary Services