UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case No. 20-21716-Civ-FAM**

| | |
|---|---|
| VIOLET ADVISORS, S.A., | : |
| Plaintiff, | : |
| vs. | : |
| "*THE ROUND*" (27.08-meter twin engine pleasure yacht, official number 745127, signal letters ZGDH3, registered in Prague, Czech Republic in 2004 under the name "Leonardo II" now known by call sign "The Round"), | : |
| In Rem Defendant in Admiralty, | : |
| vs. | : |
| EXCELLENT AUTO GROUP, INC., LANCE JOSEPH, NICHOLAS AULAR, ALBERTO A. ALCIVAR, FANNY LEON, GERMAN JACOME, LUZA SUAREZ, ARMANDO FERNANDEZ, CB MARINE TOWING AND SALVAGE, INC. d/b/a SEA TOW MIAMI, CHRIS SMITH, and RIO MIO, LLC, | : |
| Defendants. | : |
| _____ | : |

**DEFENDANT LANCE JOSEPH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT BASED ON LACK OF *IN REM* JURISDICTION BY THE COURT AND MEMORAUNDUM OF LAW IN SUPPORT THEREOF**

COMES NOW, Defendant LANCE JOSEPH, by and through his counsel of record in the above entitled numbered cause who files this, his Motion to Dismiss Plaintiff's Complaint based on lack of *in rem* jurisdiction by this Court, and in support thereof states the following:[1]

## I.     PRELIMINARY STATEMENT

On April 22, 2020, Plaintiff filed a "Verified Petition for Arrest of Vessel and Complaint for Damages and the instant case commenced. *DE 1*. The Complaint invokes the jurisdiction of this Court "pursuant to the General Maritime Laws of the United States pursuant to U.S. Const. Art. III § 2 and 28 U.S.C. §1333." *Id., p.5*.  Plaintiff takes the legal position that "The Verified Petition for Arrest of Vessel is an in rem maritime action concerning ownership and possession of "The Round", a 27.08-meter twin engine pleasure yacht, official number 745127, signal letters ZGDH3, initially registered in Prague, Czech Republic in 2004 under the name "Leonardo II" now known by call sign "The Round" (hereafter the "Yacht")." *DE 6, p.2 (Complaint, p.2.).*

---

[1] Defendant Lance Joseph vehemently denies any wrongdoing as alleged against him by the Plaintiff in the *in rem* Complaint. However, given the Plaintiff's failure to verify the *in rem* Complaint thus depriving this Court of *in rem* jurisdiction as more fully demonstrated below, Defendant Joseph reserves the right to present other grounds for dismissal of the Plaintiff's complaint.

The verification page of the Plaintiff's Complaint states:

**"VERITIFICATION [sic] OF PETITION FOR ARREST OF VESSEL AND COMPLAINT FOR DAMAGES**

*[Remainder of page intentionally left blank. Signature on next page.]"*

*DE# 1, p.23*; see also Exhibit 1 hereto (verification page 23 and 24 of Complaint). Page 24 of the complaint merely displays a notarized signature of purportedly Luis Oberto, with the standard notary language:

> "Sworn to (or affirmed) and subscribed before me, by means of physical presence this 23 day of April, 2020. Such person did take an oath and is either personally known to me or produced idenfification. [sic]"

*Id., p.24*. Mr. Oberto did not even acknowledge he is the president of the corporate entity, Plaintiff. The line above the title of president is left blank. *Id*.

On April 24, 2020, Plaintiff filed an emergency motion and proposed order for arrest of the vessel, The Round. *DE# 5 and 6*. Plaintiff also filed a motion for appointment of substitute custodian. *DE# 7*. On April 30, 2020, this Court entered an order requiring notice to be given to each named Defendant in the instant case of the Complaint and pending motions before a hearing would be held on the pending emergency motion to arrest the vessel. *DE# 36*.

On May 21, 2020, Plaintiff served a copy of the Complaint, summons and pending motion on Defendant Joseph. Defendant Joseph's response or answer to the Complaint is due June 10, 2020.

Defendant Joseph now files, his Motion to dismiss the Complaint given the Plaintiff has failed to meet the prerequisites to this Court obtaining jurisdiction over the Complaint and controversy presented and relief requested therein as more fully demonstrated below.

## II.  STATEMENT OF FACTS.

Plaintiff filed an *in rem* complaint seeking arrest of the vessel, THE ROUND and other relief. In so doing, Plaintiff invoked the jurisdiction of this Court pursuant to the General Maritime Laws of the United States pursuant to U.S. Const. Art. III § 2 and 28 U.S.C. §1333.

Plaintiff filed the *in rem* Complaint without verification of the Complaint by Plaintiff and/or its claimed corporate officer, Luis Oberto. That is, Mr. Oberto did not affirm or verify that the facts in the Complaint were true and correct. Rather, the Plaintiff made it clear that Plaintiff was intentionally leaving the Verification page of the complaint "blank." *See Exhibit 1 hereto; see also DE# 1, p.23 (Complaint, p.23)*. Such intentional exercise by Plaintiff deprived this Court of jurisdiction over the Complaint and parties as a matter of law.

4

The Supplemental Admiralty Rules and the Local Admiralty Rules require that a complaint be verified as a jurisdictional prerequisite of the issuance of a writ of attachment. *Local Admiralty Rule A(5)*; *see Benny Chan v . Society Expeditions*, 1997 AMC 2713 (9" Cir. 1997); *CTC Imports & Exports v. Nigeria Petroleum Corp.*, 739 F. Supp. 966 (E.D. Pa. 1990).

S. D. Fla. Admiralty and Maritime Rule C titled IN REM states in pertinent part:

> **(1) Verification Requirements**. Every complaint and claim filed in an in rem proceeding pursuant to Supplemental Rule C shall be verified in accordance with Local Admiralty Rules A(5) and B(2).

*S.D. Fla. Local Rules – Admiralty and Maritime Rule C(1).* Under Rule B(2), this Court requires a complaint to be verified as follows:

> **(2) Verification of Complaint Required**. In addition to the specific requirements of Local Admiralty Rule A(5), whenever verification is made by the plaintiff's attorney or agent, and that person does not have personal knowledge, or knowledge acquired in the ordinary course of business of the facts alleged in the complaint, the attorney or agent shall also state the circumstances which make it necessary for that person to make the verification, and shall indicate the source of the attorney's or agent's information.

*S.D. Fla. Local Rules – Admiralty and Maritime Rule B(2).* Under Rule A(5), this Court requires a complaint to be verified as follows:

> **(5) Verification of Pleadings, Claims and Answers to Interrogatories**. Every complaint and claim filed pursuant to Supplemental Rules B, C and/or D shall be verified on oath or solemn affirmation by a party, or an

5

> officer of a corporate party. If a party or corporate officer is not within the District, verification of a complaint, claim and/or answers to interrogatories may be made by an agent, an attorney-in-fact, or the attorney of record. Such person shall state briefly the source of his or her knowledge, or information and belief, and shall declare that the document affirmed is true to the best of his or her knowledge, and/or information and belief. Additionally, such person shall state that he or she is authorized to make this representation on behalf of the party or corporate officer, and shall indicate why verification is not made by a party or a corporate officer. Such verification will be deemed to have been made by the party to whom the document might apply as if verified personally.

*S.D. Fla. Local Rules – Admiralty and Maritime Rule A(5).*

## III.     REASONS FOR GRANTING THE MOTION TO DISMISS

Controlling precedent dictates that Plaintiff's failure to verify their complaint deprived the district court of *in rem* jurisdiction. *United States v. $84,740.00 U.S. Currency,* 900 F. 2d 1402, 1405 (9th Cir.1990), *rev'd on other grounds, Republic Nat'l Bank v. United States*, 506 U.S. 80, 89, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992); *see also Pizani v. M/V Cotton Blossom,* 669 F.2d 1084, 1090 (5th Cir.1982) ("Supplemental Rule C(2) of the Federal Rules of Civil Procedure... requires the filing of a verified complaint as a prerequisite to obtaining in rem jurisdiction."); *Amstar Corp. v. M/V Alexandros T.,* 431 F.Supp. 328, 334 (D.Md.1977) ("Both Supplemental Rule B(1) and Supplemental Rule C(2) require that an action of this sort be instituted by means of a verified complaint."), *aff'd,* 664F.2d 904 *(*4th Cir.1981). Given that the Plaintiff or its claimed corporate officer Luis Oberto failed to verify or affirm that the facts and claims were true and correct in the Complaint in accord with and strictures of the Local Rules of this

Court cited above, Defendant respectfully submits this Court lacks *in rem* jurisdiction over the Complaint and Plaintiff's claims for relief in the instant case.

To be sure, while page 23 of the Complaint titles or captions the page "VERITIFICATION [sic] OF PETITION FOR ARREST OF VESSEL AND COMPLAINT FOR DAMAGES," Plaintiff affirmatively omitted the verification language on page 23 by writing: "*[Remainder of page intentionally left blank. Signature on next page.]*" This intentional omission by Plaintiff of the requisite verification language above Plaintiff's purported corporate officer Luis Oberto's signature clearly deprives this Court of obtaining jurisdiction over the Complaint, the relief sought and parties as a matter of law.

Further, the requisite and fundamental language for a verification can be found in Title 28 U.S.C. 1746 or 1760: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

Federal courts have determined that a failure of an affiant to comply with personal knowledge of a fact renders the affidavit or sworn document legally insufficient. *See, Broughton v. Livingston Indep. Sch. Dist.*, 2010 U.S. Dist. LEXIS 118333 ("Affidavits that do not comply with the personal knowledge requirement are legally insufficient and are entitled to no weight."); *Thomas v. Atmos Energy*

*Corp.*, 223 F. App'x 369, 375 (5th Cir. 2007) ("Affidavits asserting facts based on information and belief alone are not sufficient to resist summary judgment); *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 530 (5th Cir. 1992) ("[A] court may strike any affidavit that is not based on personal knowledge."); *Bright v. Ashcroft*, 259 F. Supp. 2d 494, 498 (E.D. La. 2003) (opining that affidavits not based on personal knowledge are not competent summary judgment evidence).

In the instant case, Plaintiff has failed to verify the *in rem* Complaint as required by the Local Rules of this Court and circuit court precedent. Plaintiff's alleged corporate officer Luis Oberto does not state that (1) he swears he has personal knowledge of the facts in the Complaint and/or those facts in the Complaint are true and correct, or (2) he swears under penalty of perjury that the facts contained in the Complaint are true and correct. Rather, Plaintiff "intentionally" omitted that requisite language from the verification page of the Complaint found in Local Rule C(1). The rhetorical question is *why would Plaintiff intentionally omit such requisite affirmation or verification language from the Verification page of the Complaint*!

"Congress has empowered the Supreme Court of the United States of America to prescribe the rules of procedure utilized in the federal courts. 28 U.S.C. § 2072. To allow litigants to alter or disregard the prescribed procedure willy-nilly invites problems -- like the instant case." *Nuta v. M/V "Fountas Four*, 753 F. Supp.

352, (S.D. Fla. 1990). The problem of course for the Plaintiff is that it disregarded the Local Rules of this Court by failing to verify the *in rem* Complaint by Plaintiff or its claimed corporate officer Luis Oberto. This Court simply does not have jurisdiction over the Complaint and parties as a matter of law.

Given the Complaint is not verified as required by the Local Rules of this Court governing *in rem* complaints, Plaintiff has failed to meet the prerequisite jurisdictional requirements for this Court to obtain jurisdiction over the *in rem* complaint and parties as a matter of law.

Based on the clearly establish law detailed above, Defendant Joseph respectfully submits this Court lacks jurisdiction over the Complaint and should dismiss the Complaint.

## **CONCLUSION**

**WHEREFORE**, the Defendant, LANCE JOSEPH, requests this Court to grant the instant motion to dismiss the Plaintiff's Complaint due to lack of *in rem* jurisdiction based on the foregoing facts and law; and enter an order granting same and dismissing the Plaintiff's Complaint. Defendant Joseph requests other relief this Court deems proper and just under the unique circumstances.

| | |
|---|---|
| June 6, 2020<br>Islamorada, Florida. | Respectfully submitted,<br><br>*//ss//_William M. Norris*<br>WILLIAM M. NORRIS<br>Fla. Bar# 309990<br>William M. Norris, P.A.<br>134 Key Heights Drive<br>Islamorada, FL 33070<br>Office: (305)279-9311<br>Cell:   (305)972-5732<br>*wnorrislaw@aol.com* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing DEFENDANT LANCE JOSEPH'S MOTION TO DISMISS THE COMPLAINT BASED ON LACK OF *IN REM* JURISDICTION OF THE COURT was served via ECF and email on June 6, 2020, on counsel for Plaintiff listed below:

**Christopher Y. Mills**
Busch Slipakoff Mills & Slomka LLC
Florida Bar 72207
319 Clematis Street, Suite 109
West Palm Beach, Florida 33401
Telephone: (561) 408-0019
Email: cm@bsms.law

**Laura H. Mirmelli**
Florida Bar No.: 0044642
Busch Slipakoff Mills & Slomka LLC
3350 Riverwood Parkway S.E., Ste., 2100
Atlanta, GA 30339
Telephone: (404) 800-4031
lm@bsms.law

                                                  *//ss// William M. Norris*
                                                  William M. Norris

# EXHIBIT 1

## VERITIFICATION OF PETITION FOR ARREST OF VESSEL AND COMPLAINT FOR DAMAGES

*[Remainder of page intentionally left blank. Signature on next page.]*

By: _____
(signature)

Name: LUIS OBERTO
Luis Oberto

Title: _____
President, Violet Advisors

Sworn to (or affirmed) and subscribed before me, by means of physical presence this **23** day of April, 2020. Such person did take an oath and is either personally known to me or produced idenfification.

_____
Signature         (Seal)

APRIL WILLIAMS
Commission # GG 146196
Expires October 16, 2021
Bonded Thru Budget Notary Services